IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NEMOURS FOUNDATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| UNITED HEALTHCARE OF PENNSYLVANIA, INC., | ) ) ) | |
| Defendant. | | |

# COMPLAINT

Plaintiff The Nemours Foundation ("Nemours"), by its attorneys, Pepper Hamilton LLP, brings this action against Defendant United Healthcare of Pennsylvania, Inc. ("United"), as follows:

### Nature of the Action

1.  This is an action for breach of contract, unjust enrichment, and violation of the Pennsylvania Prompt Pay Law brought by Nemours, one of the nation's leading pediatric health care providers, against United, a company that offers coverage to beneficiaries of Pennsylvania's Medical Assistance (Medicaid) and Children's Health Insurance (CHIP) programs.

2.  Nemours owns and operates, <u>inter alia</u>, the Alfred I. duPont Hospital for Children in Wilmington, Delaware (the "Hospital"), a hospital licensed in the State of Delaware, and Nemours duPont Pediatrics ("Nemours Pediatrics"), a pediatric physician practice that operates in Delaware, Pennsylvania, and New Jersey. Both the Hospital and Nemours Pediatrics have provided medically necessary covered services to members of United's Medicaid and CHIP managed care plans.

3. United has failed to pay Nemours in full for these services provided to its members. Nemours accordingly brings the instant action for breach of contract, unjust enrichment, and violation of the Pennsylvania Prompt Pay Law.

4. Nemours is entitled to damages in excess of $3,000,000.00 (three million dollars), exclusive of interest and costs.

## Parties

5. Nemours is a not-for-profit corporation incorporated under the laws of the State of Florida, with its principal place of business located at 10140 Centurion Boulevard, North, Jacksonville, Florida 32256.

    a. Nemours is one of the largest charitable institutions devoted to pediatric patient care, teaching and research in the United States.

    b. For more than sixty years, Nemours has been dedicated to providing treatment and curative services to acutely and chronically ill children.

    c. Through the Hospital, children's clinics, primary care pediatricians and specialists, Nemours provides a comprehensive range of specialized pediatric services, including hospital services, many of which are not generally available at community hospitals or general acute care hospitals.

6. United d/b/a UnitedHealthcare Community Plan is a Pennsylvania corporation with its principal place of business located at 1388 Beulah Road, Pittsburgh, Pennsylvania 15235. Upon information and belief, United is a party to a contract with the Pennsylvania Department of Public Welfare ("DPW") pursuant to which United agrees to provide and

administer health care services to Medical Assistance recipients in the Commonwealth of Pennsylvania in exchange for a monthly payment from DPW per member enrolled in United's Pennsylvania plan.  According to its website, United "offers coverage to beneficiaries of Pennsylvania's Medical Assistance (Medicaid) program."  Upon information and belief, United is party to a contract with the Pennsylvania Department of Insurance ("DOI"), pursuant to which United agrees to provide and administer health care services to recipients covered under the Children's Health Insurance Program ("CHIP"), Pennsylvania's insurance program for children and teens who are not eligible for Medical Assistance.  According to United's website, "CHIP, [is] brought to [uninsured children and teens] by UnitedHealthcare Community Plan."  Medical Assistance and CHIP beneficiaries are referred to as "members" of United.

### Jurisdiction and Venue

7.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

8.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the claims and causes of action alleged herein arose in this District.

### Factual Background

**Nemours' Provision of Services to United Members After December 31, 2011**

9.   For dates of service prior to January 1, 2012, there was a written agreement in place between the parties specifying rates for payment of services.  Nemours and United have not been parties to a written contract in effect for dates of service after December 31, 2011.

However, Nemours has continued to provide services to United members during calendar years 2012, 2013, and 2014.

10. Upon information and belief, United's business model, as a managed care organization, is to enter into contracts with a select group of health care providers to whom United will direct its members' care through various financial incentives. In exchange for receiving this volume of business, such participating providers offer United discounted prices for their services and other contract concessions. The providers with whom United has such participating provider agreements are referred to in the industry as United's "network."

11. Neither the Hospital nor Nemours Pediatrics has been a member of United's network of participating providers for the time period from January 1, 2012 to the present.

12. Neither the Hospital nor Nemours Pediatrics has agreed to a discount from its standard billed charges for services provided to United's members with a date of service from January 1, 2012 to the present.

13. Nemours Pediatrics and the Hospital have repeatedly provided medically necessary services, covered by United's Pennsylvania Medical Assistance and CHIP plans, to United members from January 1, 2012 to the present.

14. Nemours Pediatrics and the Hospital received out of network authorizations from United for many of these services. Moreover, United authorized Nemours Pediatrics' services by authorizing care at hospitals in Pennsylvania and New Jersey where Nemours Pediatrics is the exclusive provider of certain pediatric physician services, such as neonatology services.

15. Even though it has no agreement for a price discount for these services, United has not reimbursed Nemours for the Hospital's and Nemours Pediatrics' full billed charges for these services provided to its members. Instead, United has reimbursed Nemours at DPW's fee for service rate for providers rendering such services in the traditional (non-managed care) Medical Assistance program (hereafter "the Medicaid Rate").

16. The Medicaid Rate is significantly less than the Hospital's and Nemours Pediatrics' standard billed charges for services and significantly less than the costs for providing such services.

**Nemours' Provision of Emergency Care Services to United Members**

17. The Hospital has also provided emergency care services, covered by United's CHIP plan, to United members with a date of service after January 1, 2012.

18. Pursuant to 31 Pa. Code § 154.14, United is legally required to reimburse the Hospital all reasonably necessary costs for certain emergency services provided to its members covered under CHIP.

19. United has failed to pay all reasonably necessary costs for such emergency services provided to United members.

**Count I (Breach of Contract)**

20. Nemours repeats and realleges each of the allegations contained in paragraphs 1 through 19 of the Complaint, and incorporates them by reference as if separately set forth herein.

21. United entered into a contract with Nemours when it provided an authorization to Nemours Pediatrics or the Hospital to provide non-emergency medically necessary services to its members or when it authorized care at facilities where Nemours Pediatrics is the exclusive provider of certain physician services. In this circumstance, United agreed to pay Nemours Pediatrics and the Hospital in exchange for providing services covered by United's plans and which United is required to arrange for its members pursuant to United's contracts with DPW and DOI.

22. United acknowledged its contract to pay Nemours Pediatrics and the Hospital for these services by in fact making payments to them for services provided to United's members.

23. United has breached its agreements with Nemours, however, by not paying the contractual price in full.

24. It is standard in the health care industry for physician practices and hospitals to have standard lists of charges for their services. The collection of these charges is referred to as a physician practice or hospital "chargemaster."

25. When it authorized Nemours Pediatrics and the Hospital to provide services to its members, United knew that both Nemours Pediatrics and the Hospital had chargemasters setting forth their standard charges for services.

26. Nevertheless, United did not secure an agreement from Nemours Pediatrics or the Hospital that the price of their services would be discounted from these standard billed charges.

27. United has not paid the full billed charges for the services that it contracted for on its members' behalf.

28. The amount of United's underpayments is in excess of $3,000,000.00.

**Count II (Unjust Enrichment)**

29. Nemours repeats and realleges each of the allegations contained in paragraphs 1 through 28 of the Complaint, and incorporates them by reference as if separately set forth herein.

30. In the alternative, if there was no contract between the parties, then Nemours is entitled to recover under a theory of unjust enrichment and/or quantum meruit.

31. Nemours Pediatrics and the Hospital conferred a benefit upon United by providing medically necessary services to members of United.  Upon information and belief, United is required by its agreement with DPW to arrange for and provide these services to its members in exchange for monthly capitation payments from DPW.  Upon information and belief, United is required by its agreement with DOI to arrange for and provide emergency care and other medically necessary services to recipients covered under United's CHIP plan in exchange for certain reimbursement amounts to United.

32. United appreciated the receipt of such benefits, as it made some payment (albeit at the Medicaid Rate) to Nemours in exchange for these services.

33. It would be inequitable to allow United to retain the benefits conferred by Nemours without payment of reasonable value for the services provided by Nemours Pediatrics and the Hospital.

34. With the exception of emergency services covered by United's Medicaid plan, reasonable value for the services at issue is substantially greater than the Medicaid Rate.

35. The average payment rates contained in Nemours Pediatrics and the Hospital's contracts with governmental agencies and managed care organizations are far in excess of the Medicaid Rate.

36. The Medicaid Rate does not cover the cost of the services provided by Nemours Pediatrics and the Hospital.

37. The difference between the reasonable value of Nemours' services and the amounts that United has paid exceeds $3,000,000.00.

**Count III (Violation of Pennsylvania Prompt Pay Law)**

38. Nemours repeats and realleges each of the allegations contained in paragraphs 1 through 37 of the Complaint, and incorporates them by reference as if separately set forth herein.

39. Nemours is a health care provider entitled to prompt payment of its claims from carriers under the Pennsylvania Quality Health Care Accountability and Protection Act, 40 P.S. § 991.2166 (2010) (the "Prompt Pay Law"), because Nemours provides health care services, including both hospital and physician services, which are covered by United.

40. United is a carrier covered by the Prompt Pay Law because it is a managed care health plan authorized to administer health benefits plans in the Commonwealth of Pennsylvania.

41. Under the Prompt Pay Law, United must pay clean claims in full within forty-five (45) days of receipt of the clean claims from the health care provider.

42. Nemours has submitted clean claims to United.

43. United received these claims.

44. United has not reimbursed Nemours in full for these clean claims within the time period mandated by the Prompt Pay Law.

45. As a result of United's failure to abide by the Prompt Pay Law as described above, United owes statutory interest at the rate of ten percent per annum to Nemours on these tardily and unpaid clean claims, and in accordance with the Prompt Pay Law, further owes Nemours continuing interest penalties that accrue each day that Nemours remains unpaid.

46. Pursuant to Fed. R. Civ. P. 38, Nemours hereby demands a trial by jury of all issues so triable.

WHEREFORE, plaintiff The Nemours Foundation asks this Court for the following relief:

1. An award of damages in an amount in excess of $3,000,000.00, plus applicable prejudgment interest and costs;

2. Interest under the Prompt Pay Law; and

3. Any such other and further relief as the Court may deem appropriate.

Respectfully submitted,

*/s/ Joanna J. Cline*
Joanna J. Cline (Del. Bar No. 5873)
James H. S. Levine (Del. Bar No. 5355)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: 302.777.6500
Facsimile:  302.421.8390
clinej@pepperlaw.com
levinejh@pepperlaw.com

*Attorneys for Plaintiff The Nemours Foundation*

Of Counsel

Barak A. Bassman (PA 85626)*
Michele Zarychta (PA 200743)*
Nefertiri R. Sickout (PA 307016)*
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: 215.981.4000
Facsimile:  215.981.4750
bassmanb@pepperlaw.com
zarychtm@pepperlaw.com
sickoutn@pepperlaw.com
*Pro Hac Vice Motions to be filed

Dated: April 9, 2014